**STATE OF MICHIGAN**

**IN THE CIRCUIT COURT FOR THE COUNTY OF SAGINAW**

SHERINA TURNER,

             Plaintiff,

   vs.                                        Case No. 19-038400-NZ-5

SAGINAW TRANSIT AUTHORITY           Hon. Darnell Jackson
REGIONAL SERVICES,

             Defendant.

_____/

| | |
|---|---|
| VICTOR J. MASTROMARCO, JR.  P34564 | MICHAEL D. WEAVER  P43985 |
| KEVIN L. KULA  P81913 | Plunkett Cooney |
| The Mastromarco Firm | Attorneys for Defendant |
| Attorneys for Plaintiff | 38505 Woodward |
| 1024 n. Michigan Avenue | Suite 100 |
| Saginaw, MI  48602 | Bloomfield Hills, MI  48034 |
| (989) 752-1414 | (248) 901-4025 |
| | mweaver@plunkettcooney.com |

**NOTICE OF FILING REMOVAL**

TO:      CLERK OF THE COURT, Saginaw County Circuit Court
             Victor J. Mastromarco, Jr., Esq.
             Kevin L. Kula, Esq.

       PLEASE TAKE NOTICE that Defendant, SAGINAW TRANSIT AUTHORITY

REGIONAL SERVICES, by and through their attorneys, PLUNKETT COONEY, hereby files

herewith, pursuant to 28 U.S.C. 1446(a), to the Clerk of the Circuit Court for the County of

Saginaw, State of Michigan, a true copy of their Notice of Removal of this cause from the

Circuit Court for the County of Saginaw, State of Michigan, to the United States District

Court for the Eastern District of Michigan, Southern Division.

Respectfully submitted,

PLUNKETT COONEY

**/s/Michael D. Weaver**
MICHAEL D. WEAVER (P43985)
Attorney for Defendant STARS
38505 Woodward Avenue # 100
Bloomfield Hills, MI 48304
(248) 901-4025
mweaver@plunkettcooney.com

Dated:  January 31, 2019

**STATE OF MICHIGAN**

**IN THE CIRCUIT COURT FOR THE COUNTY OF SAGINAW**

SHERINA TURNER,

       Plaintiff,

vs.                                 Case No. 19-038400-NZ-5

SAGINAW TRANSIT AUTHORITY        Hon. Darnell Jackson
REGIONAL SERVICES,

       Defendant.

_____/

VICTOR J. MASTROMARCO, JR.  P34564     MICHAEL D. WEAVER  P43985
KEVIN L. KULA  P81913                   Plunkett Cooney
The Mastromarco Firm                     Attorneys for Defendant
Attorneys for Plaintiff                   38505 Woodward
1024 n. Michigan Avenue                Suite 100
Saginaw, MI  48602                    Bloomfield Hills, MI  48034
(989) 752-1414                        (248) 901-4025
                                 mweaver@plunkettcooney.com

**<u>NOTICE OF REMOVAL TO UNITED STATES DISTRICT
COURT, EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION</u>**

TO:         HONORABLE JUDGES OF THE U.S. DISTRICT COURT
                Eastern District of Michigan, Southern Division
                Tracy E. Van Den Bergh, Esq.

        Defendant, SAGINAW TRANSIT AUTHORITY REGIONAL SERVICES, in this

action, originally pending in the Circuit Court for the County of Saginaw, Civil Action No. 19-

038400-NZ-5 hereby remove this action to the United States District Court for the Eastern

District of Michigan, Southern Division.  In support of this Removal, Defendant states as follows:

      1.     There was commenced and is now pending in the Circuit Court for the County of Saginaw, the above action in which Sherina Turner is the Plaintiff.  Saginaw Transit Authority Regional Services (hereinafter "STARS") is the Defendant.

      2.     Defendant is seeking removal based upon a federal question presented in Plaintiff's Complaint; to wit:  Retaliation in Violation of American with Disabilities Act.  Therefore, this Removal is appropriate.

      3.     The District Court of the United States is given jurisdiction under 28 U.S.C. 1332(a)(1), and this action is removable to this Court under 28 U.S.C. 1441(a).

      4.     This notice is filed with this Court within thirty (30) days after the date of service of process upon this Defendant, said service of process having taken place on or about January 15, 2019.

      5.     A copy of this notice shall be given to all adverse parties, as required by law.

      6.     A true and correct copy of this Notice of Removal will be filed with the Clerk of the Circuit Court for the County of Saginaw, State of Michigan, as provided by law.

      7.     Defendant files herewith and by reference make a part hereof a true and correct copy of all process, pleadings, and orders purportedly served upon Defendant in this action.

      WHEREFORE, Defendant, SAGINAW TRANSIT AUTHORITY REGIONAL SERVICES, by and through its attorneys, PLUNKETT COONEY, respectfully requests that this Court remove this action from the Circuit Court for the County of Saginaw, State of

Michigan to the United States District Court for the Eastern District of Michigan, Southern

Division.

> PLUNKETT COONEY
>
> /s/Michael D. Weaver
> MICHAEL D. WEAVER  P43985
> Attorneys for Defendant STARS
> 38505 Woodward
> Suite 2000
> Bloomfield Hills, MI  48034
> Tele: (248) 901-4025
> mweaver@plunkettcooney.com

Dated:  January 31, 2019

## **PROOF OF SERVICE**

I hereby certify that on January 31, 2019, a copy of Notice of Filing Removal

and Notice of Removal were filed and the attorney of record was notified via first class mail

at the following address:

> Victor J. Mastromarco, Jr., Esq.
> Kevin L. Kula, Esq.
> The Mastromarco Firm
> 1024 N. Michigan Avenue
> Saginaw, MI  48602

> PLUNKETT COONEY
>
> /s/Michael D. Weaver
> MICHAEL D. WEAVER  P43985
> Attorneys for Defendant STARS
> 38505 Woodward
> Suite 2000
> Bloomfield Hills, MI  48034
> Tele: (248) 901-4025
> mweaver@plunkettcooney.com

Open.20811.90318.21576925-1

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF SAGINAW

SHERINA TURNER,

     Plaintiff,

v.

SAGINAW TRANSIT AUTHORITY
REGIONAL SERVICES,

     Defendant.

_____/

Case No. 19-038400 -NZ-5
Hon.

DARNELL JACKSON

(P34737)

THE MASTROMARCO FIRM
VICTOR J. MASTROMARCO, JR. (P34564)
KEVIN L. KULA (P81913)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414

_____/

A TRUE COPY

Michael J. Hanley, Clerk

There is no other pending or resolved civil action arising out of
the same transactions or occurrences alleged in the Complaint.

## PLAINTIFF'S COMPLAINT & DEMAND FOR TRIAL BY JURY

NOW COMES Plaintiff, SHERINA TURNER, by and through her attorneys, THE MASTROMARCO FIRM, and hereby complains against Defendant, SAGINAW TRANSIT AUTHORITY REGIONAL SERVICES, stating as follows:

### COMMON ALLEGATIONS

1.     That Plaintiff is a resident of the County of Saginaw, State of Michigan.

2.     That Defendant is a governmental entity operating in a public transportation system in the County of Saginaw, State of Michigan.

3.     That the amount in controversy exceeds the sum of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00), exclusive of costs, interest, and attorney fees.

4.     That Plaintiff is African-American.

5.     That in 2008, Defendant hired Plaintiff to work as a dispatcher.

6.     That in late 2011, Defendant promoted Plaintiff to a road/operations supervisor position.

7.     That in approximately September 2012, Defendant again promoted Plaintiff, naming her the Interim Transportation Manager.

8.     That thereafter, Plaintiff held the position of Transportation Manager during the remainder of her employment.

9.     That during Plaintiff's tenure with Defendant and at all times material hereto, Plaintiff performed her job duties in a satisfactory and/or an above-satisfactory manner.

10.    That on or about Friday, October 5, 2018, Glenn Steffens, Defendant's Executive Director, and Jamie Forbes, Defendant's Director of Outreach and Program Development, went to Plaintiff's office to discuss certain policies of Defendant regarding to special event pricing.

11.    That upon information and belief, Mr. Steffens wanted to avoid said policies and circumvent regulations by charging certain jobs as "express work" in order to charge higher prices and instructed Plaintiff to charge accordingly.

12.    That Plaintiff explained to Mr. Steffens that these jobs could not be charged as "normal work" or "express work," but, rather, Defendant had to categorize and price

the jobs as "extra work."

13.    That Plaintiff opposed Mr. Steffens' pricing scheme and explained that to categorize the work in the manner he wanted would violate federal regulations dealing with the transportation of persons with disabilities.

14.    That in fact, the Americans with Disabilities Act requires public entities that operate fixed route transportation systems, such as Defendant, to provide special services to persons with disabilities, to wit:

> It shall be considered discrimination for purposes of section 12132 of this title and section 794 of title 29 for a public entity which operates a fixed route system . . . to fail to provide with respect to the operations of its fixed route system, in accordance with this section, paratransit and other special transportation services to individuals with disabilities, including individuals who use wheelchairs, that are sufficient to provide to such individuals a level of service (1) which is comparable to the level of designated public transportation services provided to individuals without disabilities using such system; or (2) in the case of response time, which is comparable, to the extent practicable, to the level of designated publication transportation services provided to individuals without disabilities using such system.

42 USC § 12143(a).

15.    That Plaintiff further reported to Mr. Steffens that if the work was charged as he desired it would result in persons with disabilities, or paratransit passengers, being bumped out of seats that had been reserved days or weeks in advance and it would constitute a violation of the Americans with Disabilities Act's paratransit regulations.

16.    That Plaintiff's reports to Mr. Steffens constitute a report of an actual or suspected violation of law and opposition to a violation of the state's antidiscrimination laws.

17.    That when Plaintiff reported to Mr. Steffens the federal regulations'

3

requirements and that Mr. Steffens' characterization of the work violated the law, Mr. Steffens responded by stating that it "was stupid" and "didn't make sense" to him, or words to that effect.

18.    That throughout Plaintiff's reporting, detailed above, Mr. Steffens behaved in a hostile and unprofessional manner towards Plaintiff.

19.    That specifically, in direct response to Plaintiff's reports, Mr. Steffens accused Plaintiff of being "negative" and "wanting STARS to fail," or words to that effect.

20.    That Plaintiff further told Ms. Forbes to charge what Defendant had in the previous year for "special work" so as to ensure that Defendant complied with federal law.

21.    That later in the day, Plaintiff went met again with Mr. Steffens to address his hostile and retaliatory behavior towards her.

22.    That at said time, Plaintiff reported to Mr. Steffens that she did not appreciate his behavior towards her and especially him yelling at her.

23.    That in response to Plaintiff's comments, Mr. Steffens apologized to Plaintiff and agreed with her, stating that she "did and said nothing wrong," or words to that effect.

24.    That in light of Mr. Steffens' prior conduct towards her and the tone of his voice when apologizing, Plaintiff felt Mr. Steffens' apology was insincere.

25.    That it became clear to Plaintiff that Mr. Steffens would continue to retaliate against her because of her reports and opposition to Defendant violating anti-

discrimination laws.

26.     That because of Mr. Steffens' retaliation and Plaintiff's belief that said retaliation would continue, on or about Tuesday, October 9, 2018, Plaintiff met with Defendant's Human Resources Manager, Deverett Jasper, to address her fears.

27.     That during the meeting with Mr. Jasper, Plaintiff related what had occurred during her conversations with Mr. Steffens that transpired on the previous Friday, October 5, 2018.

28.     That Plaintiff further reported to Mr. Jasper that she feared Mr. Steffens would retaliate against her for her reports of illegal activity.

29.     That instead of taking Plaintiff's concerns seriously, Mr. Jasper made light of the situation and merely responded that Plaintiff should "pray about it," or words to that effect.

30.     That upon information and belief, Mr. Jasper was indicating, on behalf of Defendant's Human Resources Department, that Plaintiff should address her concerns to God rather than the Human Resources Department and request that God deliver her from her fears of any retaliatory actions taken by Mr. Steffens.

31.     That on or about October 18, 2018, Mr. Jasper wrote a memorandum regarding his meeting with Plaintiff on October 9, 2018, but, curiously, he neglected to include any language regarding how he "addressed" Plaintiff's concerns of retaliation. *See* (**Exhibit 1 – Jasper Memo**).

32.     That on or about October 11, 2018, a mere two (2) days after Plaintiff reported her concerns to Mr. Jasper, Defendant's Human Resources Manager, Mr.

Steffens terminated Plaintiff's employment.

33.    That Defendant failed to provide Plaintiff with a legitimate reason for her termination.

34.    That when Plaintiff asked Mr. Steffens for a justification for why Defendant was terminating her employment, Mr. Steffens would only state that the reasons were "private" and that she was just "not a good fit for the company," or words to that effect.

35.    That Defendant's reference to Plaintiff not being a "good fit" is a subjective basis to attempt to justify the retaliatory termination of Plaintiff's employment and façade to conceal its retaliatory intent.

36.    That courts have "repeatedly emphasized that decisions made on the basis of subjective criteria, such as whether an employee is a team player or whether she would fit into a new corporate culture, can 'provide a ready mechanism for discrimination,' and thus should be 'carefully scrutinized.'" *Brewer v New Era, Inc*, 564 F App'x 834, 843 (CA 6, 2014)(citing *Rowe v Cleveland Pneumatic Co, Numerical Control, Inc*, 690 F2d 88, 93 (CA 6, 1982)).

37.    That Mr. Steffans' refusal to give Plaintiff the reasons for her termination constitutes a breach of Defendant's Disciplinary Code, which provides, "All employees shall be given reasonable justification for receiving disciplinary action in order to ensure fairness in employment-related actions." (**Exhibit 2 – Disciplinary Code**).

38.    That merely informing Plaintiff she was no longer "a good fit" after years of quality service does not constitute providing "reasonable justification" for her

6

termination as per Defendant's policy.

39.     That Defendant's reasons for terminating Plaintiff's employment are pretextual in nature.

40.     That Defendant's reasons for terminating Plaintiff's employment are (1) not based in fact; (2) not actual motivators of Defendant's decision; or (3) not sufficient to warrant the action.

41.     That Defendant's actions constitute retaliation in violation of the Whistleblowers' Protection Act.

42.     That Defendant's actions constitute retaliation in violation of the Persons with Disabilities Civil Rights Act.

43.     That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and continues to suffer from economic damages, including, but not limited to lost wages, back pay, front pay, raises, overtime pay, bonuses, vacation pay, health insurance, dental insurance, vision insurance, life insurance, disability benefits, and retirement and/or pension benefits along with any and all other compensation and/or fringe benefits provided as well as an addition amount as an offset for any negative tax consequences suffered as a result of recovery.

44.     That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and continues to suffer from non-economic damages, including, but not limited to emotional distress, mental anguish, shock, fright, humiliation, embarrassment, depression, anxiety, nervousness, disruption of lifestyle, and denial of social pleasures.

45.     That Plaintiff hereby claims the costs of litigation, including reasonable attorney fees and witness fees, pursuant to MCL 15.364 and MCL 37.1606.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor in an amount in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

## COUNT I – RETALIATION IN VIOLATION OF THE WHISTLEBLOWERS' PROTECTION ACT

46.     That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 though 45 of her Common Allegations, word for word and paragraph for paragraph, as if fully restated herein.

47.     That the Whistleblowers' Protection Act provides:

An employer shall not discharge, threaten, or otherwise discriminate against an employee regarding the employee's compensation, terms, conditions, locations, or privileges of employment because of the employee or person acting on behalf of the employee, reports or is about to report, verbally or in writing, a violation or a suspected violation of a law or regulation or rule promulgated pursuant to the law of this state, a political subdivision of this state, or the United States to a public body, unless the employee knows that the report is false. . . .

MCL 15.362.

48.     That at all times material hereto, Defendant was Plaintiff's "employer" as defined by the Act. MCL 15.361(b).

49.     That at all times material hereto, Mr. Steffens was and is a "public body" as the term is defined by the Act. MCL 15.361(d)(iii)-(iv).

50.     That Plaintiff engaged in activity protected by the Act by reporting to Mr.

Steffens that his categorization of work violated federal law and regulations addressing the transportation of individuals with disabilities.

51.     That at all times material hereto, the relevant decision-makers were aware of Plaintiff's protected activity.

52.     That Defendant subsequently took materially adverse employment action against Plaintiff by terminating her employment.

53.     That a causal connection exists between Plaintiff's protected activity and the materially adverse employment action taken by Defendant.

54.     That a causal connection is demonstrated, at least in part, by the close temporal proximity between Plaintiff's protected activity and her termination.

55.     That a causal connection is demonstrated, at least in part, by Mr. Steffens negativity and expression of displeasure towards Plaintiff's protected activity.

56.     That a causal connection is demonstrated, at least in part, by Defendant's failure to articulate a legitimate, non-retaliatory reason for terminating her employment.

57.     That a causal connection is demonstrated, at least in part, by Defendant's violation of is Disciplinary Code.

58.     That a causal connection is demonstrated, at least in part, by Defendant's failure to investigate and remediate Plaintiff's report of retaliation. *See* (**Ex. 2**).

59.     That Defendant's reasons for terminating Plaintiff's employment are pretextual in nature.

60.     That Defendant's reasons for terminating Plaintiff's employment are (1) not based in fact; (2) not actual motivators of Defendant's decision; or (3) not sufficient to

warrant the action.

61.   That Defendant's actions constitute retaliation in violation of the Whistleblowers' Protection Act.

62.   That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and continues to suffer from economic damages, including, but not limited to lost wages, back pay, front pay, raises, overtime pay, bonuses, vacation pay, health insurance, dental insurance, vision insurance, life insurance, disability benefits, and retirement and/or pension benefits along with any and all other compensation and/or fringe benefits provided as well as an addition amount as an offset for any negative tax consequences suffered as a result of recovery.

63.   That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and continues to suffer from non-economic damages, including, but not limited to emotional distress, mental anguish, shock, fright, humiliation, embarrassment, depression, anxiety, nervousness, disruption of lifestyle, and denial of social pleasures.

64.   That Plaintiff hereby claims the costs of litigation, including reasonable attorney fees and witness fees, pursuant to MCL 15.364.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor in an amount in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

## COUNT II – RETALIATION IN VIOLATION OF THE PERSONS WITH DISABILITIES CIVIL RIGHTS ACT

65.     That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 though 45 of her Common Allegations and paragraphs 46 through 64 of Count I, word for word and paragraph for paragraph, as if fully restated herein.

66.     That the Persons with Disabilities Civil Rights Act makes it unlawful for a person to retaliate or discriminate against a person because the person has opposed a violation of the Act.

67.     That Plaintiff engaged in activity protected by the Act by opposing Mr. Steffens' categorization of work as it would violate regulations prohibiting discrimination on the basis of a person's disability.

68.     That at all times material hereto, the relevant decision-makers were aware of Plaintiff's protected activity.

69.     That Defendant subsequently took materially adverse employment action against Plaintiff by terminating her employment.

70.     That a causal connection exists between Plaintiff's protected activity and the materially adverse employment action taken by Defendant.

71.     That a causal connection is demonstrated, at least in part, by the close temporal proximity between Plaintiff's protected activity and her termination.

72.     That a causal connection is demonstrated, at least in part, by Mr. Steffens negativity and expression of displeasure towards Plaintiff's protected activity.

73.     That a causal connection is demonstrated, at least in part, by Defendant's

THE MASTROMARCO FIRM | 1024 N. Michigan Avenue | Saginaw, Michigan 48602 | (989) 752-1414

failure to articulate a legitimate, non-retaliatory reason for terminating her employment.

74.     That a causal connection is demonstrated, at least in part, by Defendant's violation of is Disciplinary Code.

75.     That a causal connection is demonstrated, at least in part, by Defendant's failure to investigate and remediate Plaintiff's report of retaliation. *See* (**Ex. 2**).

76.     That Defendant's reasons for terminating Plaintiff's employment are pretextual in nature.

77.     That Defendant's reasons for terminating Plaintiff's employment are (1) not based in fact; (2) not actual motivators of Defendant's decision; or (3) not sufficient to warrant the action.

78.     That Defendant's actions constitute retaliation in violation of the Persons with Disabilities Civil Rights Act.

79.     That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and continues to suffer from economic damages, including, but not limited to lost wages, back pay, front pay, raises, overtime pay, bonuses, vacation pay, health insurance, dental insurance, vision insurance, life insurance, disability benefits, and retirement and/or pension benefits along with any and all other compensation and/or fringe benefits provided as well as an addition amount as an offset for any negative tax consequences suffered as a result of recovery.

80.     That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and continues to suffer from non-economic damages, including, but not limited to emotional distress, mental anguish, shock, fright, humiliation,

embarrassment, depression, anxiety, nervousness, disruption of lifestyle, and denial of social pleasures.

81.     That Plaintiff hereby claims reasonable attorney fees pursuant to MCL 37.1606.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor in an amount in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

Respectfully submitted,
THE MASTROMARCO FIRM

Dated: <u>January 8, 2019</u>        By: _____

VICTOR J. MASTROMARCO, JR. (P34564)
KEVIN L. KULA (P81913)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414

## DEMAND FOR TRIAL BY JURY

NOW COMES Plaintiff, SHERINA TURNER, by and through her attorneys, THE

MASTROMARCO FIRM, and hereby demands a trial by jury on all of the above issues,

unless otherwise expressly waived.

Respectfully submitted,
THE MASTROMARCO FIRM

Dated: January 8, 2019          By: _____
                                    VICTOR J. MASTROMARCO, JR. (P34564)
                                    KEVIN L. KULA (P81913)
                                    Attorneys for Plaintiff
                                    1024 N. Michigan Avenue
                                    Saginaw, Michigan 48602
                                    (989) 752-1414

October 18, 2018

On October 9, 2018, Sherina Turner came into my office to talk to me. She told me about an incident that happened on Friday October 5, 2018 between her, Glenn Steffens and Jamie Forbes. Sherina stated to me that Jamie had asked her a question about special event pricing, and Sherina told Jamie to charge whatever we had previously charged last year. Sherina stated that shortly after that, Jamie and Glenn came into her office to talk to her. Sherina stated that Glenn started yelling at her and saying she was being negative and that she wanted STARS to fail. Sherina told Glenn that she was not being negative and did not want STARS to fail because that would mean that she would fail as well. Sherina told me that her and Glenn were going back and forth. Sherina told Glenn that she did not appreciate him yelling at her and his tone of voice. They continued to talk, and Glenn later apologized if he offended her in any way. Sherina came to talk to me to see how she should proceed with her and Glenn's relationship after the tense exchanged that occurred.

*Deverett Jasper*

Deverett Jasper

STARS Human Resources Manager

PLAINTIFF'S
EXHIBIT
1

## 11.0 INFORMATION TECHNOLOGY

**Telephone Use (Code "C")**

11.1   Employees are prohibited from using Authority telephones for anything other than Authority business, unless using the employee-designated phone or pre-approved by Authority supervision.

**Network (Code "D")**

11.2   Employees are prohibited from being on the Authority network for anything other than Authority business.

11.3   Employees are strictly prohibited from accessing any unlawful material, sending any confidential material, or using/downloading any unauthorized material while on the Authority network.

**Computer Usage (Code "C")**

11.4   Employees shall use Authority computer equipment primarily for business purposes and are strictly prohibited from using the equipment for any unlawful or unauthorized personal use.

## 12.0 PLANNING

**Route Changes (Code "D")**

12.1   Bus Operators shall not deviate from any routes unless authorized to do so through contacting Dispatch by radio or through completion of the route change request process by Authority Management.

## 13.0   DISCIPLINARY CODE

**Just Cause**

All employees shall be given reasonable justification for receiving disciplinary action in order to ensure fairness in employment-related actions.

**Investigations**

All employees shall be ensured a fair process to determine if there has been employee wrongdoing and be given an opportunity to explain and defend his or her actions.

**Recommended Discipline**

The following disciplinary classifications correspond to the Authority's Rules and Regulations and are intended to be a guideline for disciplinary action. The existence of these disciplinary steps in no way restricts the Authority from exercising flexibility as needed to take into account any and all special or unusual circumstances on a case-by-case basis. Repeated violations of a number of different rules and regulations will be handled in a fair and consistent manner and will depend upon the circumstances that prevail.

| Offense Code | Number of Offense | Suggested Discipline |
|---|---|---|
| "A" | 1st offense | Termination |
| "B" | 1st offense | 3 Day Unpaid Suspension |
|  | 2nd offense | Termination |
| "C" | 1st offense | Verbal Warning |
|  | 2nd offense | Written Warning |
|  | 3rd offense | Suspension or 2nd Written Warning |
|  | 4th offense | Termination |
| "D" | All offenses | Determined by Circumstances |

Page 24



PLAINTIFF'S EXHIBIT
tabbies