UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SHERINA TURNER,

    Plaintiff,

v.

SAGINAW TRANSIT AUTHORITY
REGIONAL SERVICES,

    Defendant.
_____/

Case No. 1:19-cv-10303
Hon. Thomas L. Ludington

THE MASTROMARCO FIRM
VICTOR J. MASTROMARCO, JR. (P34564)
KEVIN L. KULA (P81913)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414

MICHAEL D. WEAVER (P43985)
Plunkett Cooney
Attorneys for Defendant
38505 Woodward
Suite 100
Bloomfield Hills, MI 48034
(248) 901-4025
mweaver@plunkettcooney.com
_____/

## PLAINTIFF'S MOTION FOR REMAND

NOW COMES the Plaintiff, SHERINA TURNER, by and through her attorneys, THE MASTROMARCO FIRM, and for her motion for remand states more fully as follows:

1.     That, pursuant to Local Rule 7.1, Counsel for the Plaintiff sought concurrence from Counsel for the Defendant on February 5, 2019, and concurrence for the relief sought in this motion was not granted. **Exhibit 1, Email Chain.**

2.     That Plaintiff hereby moves this Honorable Court pursuant to 28 U.S.C.A. § 1447(c) for an order of remand to the Saginaw County Circuit Court.

3.     That on January 8, 2019, Plaintiff filed her two-count cause of action in the Circuit Court for the County of Saginaw alleging claims of retaliation in violation of Michigan's Whistleblowers' Protection Act and Persons With Disabilities Civil Rights Act. **Exhibit 2, Plaintiff's Complaint.**

4.     That Plaintiff did not seek or otherwise obtain a right to sue letter authorizing suit under the Americans with Disabilities Act.

5.     That on January 31, 2019, the Defendant filed its Notice of Removal with this Court alleging jurisdiction based on federal question jurisdiction. **ECF No. 1, at 4.**

6.     That in every removal situation, the, "party seeking removal bears the burden of establishing its right thereto." *Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989). Moreover, removal statutes are to be construed strictly against removal and where there is a question as to the propriety of removal, the matter should be resolved in favor of remanding to the state court. *National Business Development Services,*

*Inc. v. American Credit Education & Consulting, Inc.*, released January 18, 2008, Slip Copy, 2008 WL 186367 (E.D. Mich).

7.   That Defendants fail to adequately explain the basis on which they perceive a federal question to be raised in the Complaint.[1]

8.   That Defendants attempt to remove the instant cause is frivolous as the Complaint clearly does not allege a count which would require analysis of a federal question. Moreover, contrary to Defendant's assertion, the Complaint does not raise the issue of retaliation in violation of the ADA.

9.   That reference to the ADA in the Complaint was included only for purposes of illustrating how and why the Plaintiff reported and/or opposed a violation, or suspected violation, of law.

10.   That even if we assume this Court has jurisdiction, Plaintiff did not seek a right to sue letter permitting suit under the ADA. Therefore, assuming this Court would then dismiss that count, which the Complaint does not allege, the Court would need to exercise supplemental jurisdiction over the remaining state-law claims.

11.   That in such circumstances there is a "strong presumption" in favor of declining to exercise supplemental jurisdiction over the state-law claims after

---

[1] Furthermore, Defendant's Notice of Removal also seemingly calls on diversity jurisdiction by claiming this Honorable Court is given jurisdiction under 28 U.S.C. § 1332(a)(1). That section is for diversity of citizenship. Federal question jurisdiction is 28 U.S.C. § 1331. Plaintiff acknowledges this may be a typo.

dismissing the federal claims. *See* 28 U.S.C. § 1367(c)(3); *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996).

12. That Plaintiffs hereby request that the Court remand to the Saginaw County Circuit Court the above-captioned cause of action pursuant to 28 U.S.C.A. § 1447.

13. That Plaintiffs further request an award of costs along with his actual expenses, including attorney fees, incurred as a result of the removal pursuant to 28 U.S.C.A. § 1447(c).

14. That 28 U.S.C. § 1927 provides this Court with the authority to require an attorney who "unreasonably and vexatiously" increases the proceedings in a legal matter to personally satisfy the excess costs and attorneys' fees. 28 U.S.C. § 1927.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court remand to the Saginaw County Circuit Court the above-captioned lawsuit and award the Plaintiff costs along with actual expenses, including attorney fees, incurred as a result of the removal pursuant to 28 U.S.C.A. § 1447 (c).

Respectfully submitted,

THE MASTROMARCO FIRM

Dated: <u>January 7, 2019</u>     By:   */s/ Kevin L. Kula*
KEVIN L. KULA (P81913)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
kkula17@att.net

## **BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR REMAND**

NOW COMES the Plaintiff, SHERINA TURNER, by and through her attorneys, THE MASTROMARCO FIRM, and for her Brief in Support, states as follows:

Plaintiff relies upon the Federal Rules of Civil Procedure and the authority cited in her Motion.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court remand to the Saginaw County Circuit Court the above-captioned lawsuit and to award the Plaintiff an award of costs along with actual expenses, including attorney fees, incurred as a result of the removal.

Respectfully submitted,

THE MASTROMARCO FIRM

Dated: <u>January 7, 2019</u>　　By:　*/s/ Kevin L. Kula*
　　　　　　　　　　　　　　　　KEVIN L. KULA (P81913)
　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　1024 N. Michigan Avenue
　　　　　　　　　　　　　　　　Saginaw, Michigan 48602
　　　　　　　　　　　　　　　　(989) 752-1414
　　　　　　　　　　　　　　　　kkula17@att.net

## **PROOF OF SERVICE**

I hereby certify that on **February 7, 2019**, I presented the foregoing papers to the Clerk of the Court for the filing and uploading to the CM/ECF system, which will send notification of such filing to the following: **MICHAEL D. WEAVER**.

Respectfully submitted,

THE MASTROMARCO FIRM

Dated: February 7, 2019     By:    */s/ Kevin L. Kula*
KEVIN L. KULA (P81913)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
kkula17@att.net